## Paul R. Ellguth, Appellee, v. Edward R. Litzinger, Appellant.

### Gen. No. 22,492.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in this court at the March term, 1916. Reversed. Opinion filed May 1, 1916.

### Statement of the Case.

Bill by Paul R. Ellguth, complainant, against Edward R. Litzinger, defendant. The defendant answered the bill, both parties filed affidavits, and the court, with the consent of the parties but in their absence, heard the statements of former Judge McEwen and incorporated such statements in the certificate of evidence.

It appeared that the parties were engaged in the manufacturing business and the written agreement between them shows that they contemplated forming a partnership to carry on such business, but no partnership was actually formed. Litzinger advanced approximately $40,000. Ellguth became indebted to Smith & Biossat, and they obtained possession of and operated the plant, but were willing to surrender the same if repaid the amount advanced. Ellguth appealed to Litzinger and he agreed to purchase the plant for $5,000, which would pay Smith & Biossat the $3,500 demanded by them, and made a contract with Ellguth to give his time and energy to the business, and should the business prove profitable and all indebtedness be paid, then the $5,000 should be paid to Litzinger out of the profits, and in that case, or if Ellguth paid Litzinger $5,000, he would convey to Ellguth a one-half interest in the business and assets.

The business was not successful but grew worse, and Litzinger concluded to wind it up. With this decision

Ellguth was then satisfied, but later concluded to continue the business. The record showed that Ellguth had unsatisfied judgments outstanding against him and that Litzinger was solvent. January 13, 1916, Litzinger took exclusive possession of the plant and thereafter did not permit Ellguth to enter. The bill was filed January 17, 1916, and application for the appointment of a receiver made by Ellguth. The court having indicated its intention to appoint a receiver, Litzinger, then in possession of the property and before the appointment was made, moved the court that in lieu of the appointment of a receiver he be permitted to give a bond in such penalty as the court might fix and with such security as might be satisfactory to the court, and that said bond might be so conditioned as the court might order or approve. This motion was denied. On February 4, 1916, the Central Trust Company was appointed receiver "to receive outstanding debts and effects of the business conducted by the parties at 3110 Morgan street, Chicago, in the pleadings in this case mentioned."

CHYTRAUS, HEALY & FROST, for appellant.

H. J. TONER, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

1. RECEIVERS, § 3*—*when appointment improper.* On a bill in equity by one member of a partnership against the other, evidence examined and *held* to show that in view of the small extent of complainant's business and the danger to the business, the court should not have appointed a receiver for the partnership business, but should have permitted defendant to give bond.

2. EQUITY—*when hearing of statement in absence of parties improper.* On a bill in equity, it is not proper for the court to hear a statement of a witness in the absence of the parties and incorporate it in the certificate of evidence, even though the statement is heard with the consent of the parties.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.